IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| HIRAM SANCHEZ MENA, *et al.* | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| v. | * | Civil Action No.: CBD-16-2701 |
| | * | |
| SEASON TEPPANYAKI BUFFET, | * | |
| LLC, d/b/a SEASON SEAFOOD | * | |
| BUFFET, | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

*****

## MEMORANDUM OPINION

Before this Court is the parties' "Joint Motion for Approval of Settlement & Dismissal with Prejudice" (the "Motion") (ECF No. 14).  The Court has reviewed the Motion, the related memorandum, and applicable law.  No hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md.).  For the reasons presented below, the Court does not approve the Motion.

### I.      Factual Background

Plaintiffs Hiram Sanchez Mena, Jorge Perez Ordonez, and Santos Pedro Oxlaj Gomez (collectively "Plaintiffs"), worked for Season Teppanyaki Buffet, LLC d/b/a Season Seafood Buffet ("Defendant") as cooks and food preparers.  Pls.' Compl. 2.  On July 27, 2016, Plaintiffs filed a complaint alleging Defendant routinely failed to pay them minimum wage and overtime pay (ECF No. 1).  Specifically, Plaintiffs allege that Plaintiff Hiram Sanchez Mena, during the course of his employment, was paid what amounts to an hourly rate of $3.49; Plaintiff Jorge Perez Ordonez, during the course of his employment, was paid what amounts to an hourly rate of $5.56; and Plaintiff Santos Pedro Oxalaj Gomez, during the course of his employment, was paid

what amounts to an hourly rate ranging from $5.63 to $6.62.[1]  Pls.' Compl. 3-5.  As a result, Plaintiffs allege that Defendant violated the Maryland Wage Payment and Collection Law ("MWPCL"), the Fair Labor Standards Act ("FLSA"), and the Maryland Wage and Hour Law when it failed to pay them minimum and overtime wages throughout their employment.  Pls.' Compl. 5-8.  Defendant denied all claims.  Def.'s Answer 1-6.

On March 13, 2015, the parties filed the Motion seeking approval of their agreement to settle the case.  Under the agreement, Plaintiffs agree to settle, discharge, and terminate all claims in exchange for a payment of $20,000.00, representing $13,000.00 in damages to Plaintiffs, and $7,000.00 in attorneys' fees and costs for Plaintiffs' counsel.

## II.    Analysis

Under the FLSA, Congress sought to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees.  *See Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).  FLSA provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement.  *Id.*; *Brooklyn*, 324 U.S. at 706 (1945).  Court-approved settlement is an exception to that rule, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Saman*, 2013 WL 2949047, at *2 (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).  The Fourth Circuit has not directly addressed the factors to be considered when deciding motions for approval of FLSA settlements.  *See id.* at *3

---

[1] Plaintiffs allege that, throughout the course of their employment, Defendant was required to pay them a minimum wage of $7.25 per hour, which later increased, through local and state legislation, to $8.40 per on October 1, 2014, then to $9.55 per hour on October 1, 2015.  Pls.' Compl. 6.

(citations omitted).  However, district courts in this circuit typically follow the Eleventh Circuit's

analysis in *Lynn's Food Stores*.  *Id*.  The settlement must "reflect[] a fair and reasonable

resolution of a *bona fide* dispute over FLSA provisions."  *Id.* (citations omitted).  In this respect,

the Court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and

reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the

reasonableness of the attorneys' fees, if included in the agreement.  *Riveros v. WWK*

*Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *2 (D. Md. Oct. 5, 2015) (citations

omitted).

### A.  *Bona Fide* Dispute

In deciding whether a *bona fide* dispute exists as to a defendant's liability under the

FLSA, courts examine the pleadings in the case, along with the representations and recitals in the

proposed settlement agreement.  *See Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310,

2009 WL 3094955, at *16-17 (E.D. Va. Sept. 28, 2009).

After a review of the pleadings, the Court finds that a *bona fide* dispute exists in this case.

Under the FLSA, "[e]very employer shall pay to each of his employees . . . the following rates . .

. not less than: (A) 5.85 an hour, beginning on the 60th day after May 25, 2007;(B) $6.55 an

hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after

that 60th day[.]"  29 U.S.C. § 206(a)(1).  Additionally, "no employer shall employ any of his

employees . . . for a workweek longer than forty hours unless such employee receives

compensation for his employment in excess of the hours above specified at a rate not less than

one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(2)(C).  If

an employer violates Section 207, he is liable for unpaid minimum wages, unpaid overtime, and

an equal amount of liquidated damages.  29 U.S.C. § 216(b).  In this case, Plaintiffs allege that

Defendant failed to pay them the legal minimum and overtime wages as required under the FLSA.  In response, Defendant denies liability and has asserted several affirmative defenses, including failure to state a claim, estoppel, and Statute of Frauds.  Def.'s Answer 6.  A *bona fide* dispute exists as to Defendant's liability under the FLSA.

### B.  Fairness and Reasonableness of the Settlement Agreement

If a *bona fide* dispute exists, courts evaluate the fairness and reasonableness of the settlement using the following factors:

> "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery."

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

After reviewing the factors set forth in *Saman*, the Court concludes that although the second through fifth factors weigh in favor of a finding of fairness and reasonableness, counsel have not provided sufficient information as to the first and sixth factor.  Consequently, the Court cannot find that their proposed settlement is a fair and reasonable compromise of the parties' *bona fide* dispute.

Although the Court does not find this case to be particularly complex, the Court agrees with the parties that further litigation was likely going to consume substantial amounts of resources and time.  There is no evidence that the agreement is the product of fraud or collusion. "There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."  *Lomascolo*, 2009 WL 3094955, at *12 (citation omitted).  The parties' agreement was the result of "extensive negotiations."  ECF No. 14, at 3.  At all times, the

4

parties were represented by experienced employment litigation counsel.  The parties found "the probability of success and amount of recovery were both questionable."  *Id*. at 4.

However, the Court is concerned that the amount of discovery that may have taken place is insufficient to satisfy the first factor.  Pursuant to the Scheduling Order, the parties were due to complete discovery on January 25, 2017.  ECF No. 8, at 2.  However, the parties claim that "[s]ignificant factual investigation regarding Plaintiffs' claims of hours worked and wage rates would have necessitated depositions of Plaintiffs and several other witnesses," and they are resolving the matter to save costs.  ECF No. 14, at 3.  This statement indicates that certain discovery was not necessary in order to save money.  While admirable, the parties fail to set forth what exchanges of information were made in order to arrive at a meaningful understanding of the likely evidence in the case.  Without a reasonable case evaluation based on available evidence, the parties and the Court are left with a case assessment that does not even measure up to the proverbial "educated guess."  The Court is therefore left in a position where it cannot analyze this factor appropriately.

As to the sixth factor, under which the Court must consider the relationship between the settlement amount and Plaintiffs' potential recovery, the Court does not find the settlement amount reasonable.  Plaintiffs' collective claim is a total of $48,299.32 in unpaid minimum and overtime wages.  ECF No. 14, at 3.  Under the parties' agreement, the total settlement amount for the claims in the case is $20,000, of which $13,000.00 would be paid to Plaintiffs and $7,000.00 to Plaintiffs' counsel representing attorneys' fees and costs.  If Plaintiffs receive $13,000 of their $48,299.32, they would be receiving 27% of their claimed total potential recovery.  The Court acknowledges that there are many cases where there is a substantial gap between the settlement amount and the potential recovery which, of course, accounts for the uncertainty of whether a

plaintiff would be able to recover at trial.  *See Riveros*, 2015 WL 5897749, at *3 (where the court compared the settlement amount and the potential recovery and concluded that the plaintiff's receipt of 42% of his claims was a reasonable settlement).  However, the parties have provided no explanation to the Court as to how this discrepancy is "reasonable" in light of any challenges facing Plaintiffs' recovery, and the Court will not speculate as to what those challenges may be or assume that they exist.  Given the limited information the parties have provided the Court, the Court cannot conclude at this time that the parties' agreement is fair and reasonable.

### C.  Attorney's Fees and Costs

"Where a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'"  *Saman*, 2013 WL 2949047, at *3 (quoting *Lane v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011)).  "In making that assessment, courts typically use the principles of the traditional lodestar method as a guide."  *Lane*, 2011 WL 3880427, at *3 (citation omitted).  The lodestar amount is the reasonable hourly rate multiplied by hours reasonably expended.  *See Riveros*, 2015 WL 5897749, at *4.  "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"  *Id*. (citation omitted).  The federal court in Maryland uses Appendix B to the Local Rules as a reference to the rates "that are presumptively reasonable for lodestar calculations."  *Id*.  "Plaintiffs should also provide all documentation necessary for the Court to make a lodestar determination as to the hours reasonably expended, including but not limited to declarations establishing the hours expended by counsel, broken down for each task."  *Id*.

In assessing reasonableness, the Fourth Circuit has instructed district courts to also consider certain factors, including:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Saman*, 2013 WL 2949047, at *6-7 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978).

The Court finds that Plaintiffs' counsel have not carried their burden of proving that the attorneys' fees requested are reasonable. Under the parties' agreement in this case, Plaintiffs' counsel would receive $7,000.00. ECF No. 14, at 4. The parties do not parse out what amount of that $7,000 is attorneys' fees and what is for costs incurred. Plaintiff's counsel did not submit a billing statement detailing the hourly rate charged, the hours spent on this case, the nature of the costs incurred, nor an invoice for the expenses. Neither was an affidavit from counsel submitted in support that detailed their hourly rates and the hours each spent on the case. Plaintiffs' counsel also failed to provide any other documentation that would help the Court apply all the relevant factors and reach a conclusion as to the reasonableness of the fees requested. *See Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir.1990) ("In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award."). Plaintiffs merely include a footnote in the Motion, stating that when the settlement was reached, "the hourly attorneys' fees incurred by Plaintiffs were $11,335.50, which amount did not include

7

the preparation of settlement documents or this motion." ECF No. 14, at 4 n.1.  Accordingly, the

Court finds the attorneys' fee award in the parties' agreement to be unreasonable.

**III.     Conclusion**

For the foregoing reasons, the Court **DENIES** the Motion without prejudice.  Counsel is

permitted to submit supplemental documentation within (14) days of this Order.  Specifically,

counsel is permitted to submit information on the extent of discovery that has taken place in the

case, the relationship between the settlement amount and Plaintiffs' potential recovery, and the

reasonableness of the attorneys' fees requested.

March 22, 2017                                        _____/s/_____
                                                     Charles B. Day
                                                     United States Magistrate Judge

CBD/xl

8